IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,834-01






EX PARTE JUSTEN GRANT HALL








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 20030D00505-34-1 IN THE 34TH JUDICIAL DISTRICT COURT


EL PASO COUNTY





 Per Curiam. Price and Womack, JJ., would remand.



O R D E R



 We have before us a post-conviction application for writ of habeas corpus filed
pursuant to the provisions of Texas Code of Criminal Procedure article 11.071 and a motion
to dismiss that application. (1)

 In February 2005, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Article 37.071, and the trial court,
accordingly, set punishment at death. This Court affirmed applicant's conviction and
sentence on direct appeal. Hall v. State, No. AP-75,121 (Tex. Crim. App. June 27, 2007)(not
designated for publication).

 Under Article 11.071, § 4, an applicant's initial writ application must be filed in the
trial court not later than the 45th day after the date the State's brief is filed on direct appeal
with the possibility of a one-time 90-day extension. See Art. 11.071, § 4(a) and (b). 
Assuming counsel filed a timely motion for an extension, applicant's initial application was
due in the trial court on or before March 22, 2007. Counsel filed applicant's application in
the trial court on March 19, 2007. 

 On August 22, 2008, before the application and accompanying record were forwarded
to this Court, applicant sent the trial court a letter in which he stated that he wanted to "drop
[his] remaining appeals." Thus, applicant indicated his desire to waive his right to habeas
review. (2) Apparently pursuant to this request, applicant's counsel filed, in both the trial court
and in this Court, a motion to dismiss the application and to have applicant evaluated for
competency to make such a decision. The trial court then appointed two experts to evaluate
applicant. 

 On March 6, 2009, the trial court held a hearing on applicant's request to waive his
appeals and counsel's motion to dismiss the application. Applicant clarified during this
hearing that he did not want to waive habeas review. However, he did want the court to
dismiss the application filed by counsel Robin Norris in its entirety and to allow him to
proceed pro se to file his own writ. Both counsel and the court discouraged applicant from
this action and warned him that such an action would likely result in a procedural bar to
further habeas claims. Applicant persisted in his desire to dismiss the application and to
proceed pro se. The court found, pursuant to the reports of the two experts, that applicant
was competent to make this decision. Thus, the court removed Norris as counsel, appointing
him instead as "support counsel," and recommended to this Court that applicant's application
be dismissed. The trial court then ordered that the case should be forwarded to this Court.

 On March 31, 2009, applicant sent a letter to this Court and the trial court in which
he asks (1) that the trial judge withdraw his recommendation to dismiss the application; (2)
that the judge remove Robin Norris as his "support counsel"; (3) that the courts provide him
a copy of "[his] case"; and (4) if a hearing must be held, that it be done via conference call
without bench warranting him back to the county. Despite the apparent change in attitude
regarding whether the currently filed writ application should be dismissed, applicant still
maintains in this letter that he wants his attorney dismissed and he wants to be allowed to
represent himself.

 If applicant's intent is to start over and file a pro se initial writ application, or even
to supplement or amend the already filed application, his request comes far too late. An
initial application has been filed, and the statutory time for filing has passed. Any pro se
document filed at this stage, whether replacing the originally filed application or attempting
to supplement it with additional claims, will be considered a subsequent application subject
to review under Article 11.071, § 5. Nonetheless, applicant is certainly free to file a
subsequent application, and it will be reviewed according to the dictates of the statute.

 Meanwhile, the question before the Court is whether to dismiss the attorney-filed writ
application. Applicant, during the hearing in the trial court, persisted in his request that the
attorney-filed initial application be dismissed. He also persisted, and continues to persist,
that his appointed counsel be dismissed. Finally, the trial court's appointed experts both
opined that applicant was competent to make these decisions. For these reasons, we will
defer to the trial court's recommendation. The application for writ of habeas corpus filed in
the trial court on March 19, 2007, is dismissed.

 IT IS SO ORDERED THIS THE 10TH DAY OF JUNE, 2009.


Do Not Publish
1. Any further references to Articles refer to the Texas Code of Criminal Procedure unless
otherwise specified.
2. It is unclear from the record before us whether applicant expressed a desire to waive habeas
review prior to this point.